IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Angela M. Rodriguez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 6163 |
| | ) | |
| I.C. System, Inc., a Minnesota corporation, | ) ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Angela M. Rodriguez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Plaintiff resided here at the time part of the acts and transactions occurred; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Angela M. Rodriguez ("Rodriguez"), is a former citizen of the State of Illinois who now resides in the State of Texas, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Pediatric Consultants, for services rendered to her family when she lived in Illinois.

4. Defendant, I.C. System, Inc. ("IC System"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, IC System was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant IC System is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit A.

6. Moreover, from Defendant IC System's offices in Iowa, Florida and Minnesota, it collects debts nationwide, including debts in the State of Illinois, and it thus has extensive contacts with the State of Illinois.

## FACTUAL ALLEGATIONS

7. On December 14, 2007, Ms. Rodriguez filed a Chapter 7 bankruptcy petition in a matter styled In re: Rodriguez, N.D. Ill. Bankr. No. 07-23451. Among the debts listed on Schedule F of Ms. Rodriguez's bankruptcy petition was a debt she allegedly owed to Pediatric Consultants. See, excerpt of bankruptcy petition attached as Exhibit B.

8. On December 19, 2007, Pediatric Consultants was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service, which is attached as Exhibit C.

9. On March 11, 2008, Ms. Rodriguez received a discharge from her bankruptcy, and on March 13, 2008, Pediatric Consultants was sent notice of the

discharge by the court, via U.S. Mail, <u>see</u>, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit <u>D</u>.

10. Nonetheless, IC System sent Ms. Rodriguez an initial form collection letter, dated September 18, 2008, demanding payment of the debt she had owed to Pediatric Consultants, P.C., prior to the bankruptcy. A copy of this collection letter is attached as Exhibit <u>E</u>.

11. Additionally, despite Ms. Rodriguez's bankruptcy, Defendant IC System wrote to Ms. Rodriguez's bankruptcy attorney on October 6, 2008, to demand payment of the debt. A copy of this letter it attached as Exhibit <u>F</u>.

12. Moreover, on October 10, 2008, Defendant IC System called Ms. Rodriguez and demand that she "take care of the bill immediately". Ms. Rodriguez informed Defendant IC System's debt collector that the debt was covered by her bankruptcy. IC System's debt collector replied that Ms. Rodriguez needed to "stop trying to put her responsibilities off on someone else".

13. All of Defendant IC System's collection actions complained of in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17. Defendant, by calling Ms. Rodriguez on October 10, 2008 and demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. As evidenced by the October 6, 2008, letter IC Systems sent to Ms. Rodriguez's attorney (Exhibit F), Defendant IC System knew that Ms. Rodriguez was represented by counsel in connection with the debt at issue. By directly calling Ms. Rodriguez on October 10, 2008, despite having knowledge that she was represented by counsel, Defendant IC System violated § 1692c(a)(2) of the FDCPA.

22. Defendant IC System's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692g –
## Overshadowing The 30-Day Validation Notice

23. Plaintiff adopts and realleges ¶¶ 1-14.

24. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it. Moreover, § 1692g(b) of the FDCPA prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

25. Although Defendant's initial collection letter to Ms. Rodriguez contained the 30-day validation notice (Exhibit E), that notice was overshadowed and thus rendered ineffective when Defendant called Ms. Rodriguez on October 10, 2008 and demanded that she "immediately" pay the debt -- well before expiration of the 30-day dispute period. This statement would confuse the unsophisticated consumer by creating a false sense of urgency as to whether the consumer must act before expiration of the 30-day validation period, or whether they have the full 30 days to dispute the validity of the alleged debt. Defendant IC System's telephone call thus violates § 1692g of the FDCPA. See, Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR,

118 F.3d 516, 519 (7th Cir. 1997); <u>Avila v. Rubin</u>, 84 F.3d 222, 226 (7th Cir. 1996); <u>see also</u>, § 1692g(b).

26. Defendant IC System's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Angela M. Rodriguez, prays that this Court:

1. Find that Defendant IC System's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Rodriguez, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Angela M. Rodriguez, demands trial by jury.

Angela M. Rodriguez,

By:/s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 2, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com